IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERENCE SHEFFIELD, ID # 08064976, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:08-CV-1102-L (BH) |
| ) | ECF |
| OFFICER J. LEE, et al., ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 while he was incarcerated in a Federal Correctional Institution located in Seagoville, Texas, against Whole Foods[1] and its employee, Officer J. Lee of the Highland Park Police Department.[2] (Compl. at 1; Am. Compl. at 3-4; Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).[3]) According to Plaintiff, the following series of events occurred on June 28, 2006: (1) Officer Lee, while working as a security guard at Whole Foods, took Plaintiff's driver's license after a store clerk made a false accusation against Plaintiff and called the officer to the checkout counter; (2) Officer Lee made a phone call regarding Plaintiff's license and then pulled a gun on Plaintiff; (3) in fear and shock,

---

[1] Whole Foods is a grocery store that sells natural and organic products.

[2] Based upon Plaintiff's answer to Question 2 of the MJQ, Highland Park Police Department is no longer a defendant in this action. In addition, based upon Plaintiff's answer to a second MJQ, Officer J. Lee is more accurately identified as John Lee, Badge Number 565, Highland Park Police Department. The Clerk of the Court is directed to terminate Highland Park Police Department as a defendant in this action, and to identify Defendant Lee consistent with Plaintiff's answer to the second MJQ.

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Plaintiff ran to his car with Officer Lee in pursuit; (4) as Plaintiff turned the ignition, Officer Lee opened the vehicle door, and tried to pull Plaintiff from the vehicle; (5) during the struggle with Officer Lee, the vehicle went into gear and moved into another vehicle; and (6) Officer Lee shot Plaintiff four times. (Am. Compl. at 4.) Plaintiff contends that Officer Lee's actions constitute excessive force because Plaintiff had no weapon. (*Id.*) As a result of the shooting, Plaintiff is restricted to a wheelchair. (*Id.*) Although the June 2006 incident led to Plaintiff's arrest and state charges for attempted capital murder of a police officer, the state charges were dismissed after Plaintiff was sentenced in federal court for unrelated charges. (*See* Answers to Questions 1 and 3 of MJQ.)

Plaintiff sues Officer Lee for excessive force. (Am. Compl. at 4.) He sues Whole Foods on three grounds: (1) racial discrimination, as shown by disparate treatment of him and his white wife; (2) defamation; and (3) inadequate training of Officer Lee. (*See* Answer to Question 2 of MJQ.) He seeks monetary damages. (*See* Am. Compl. at 4.)

On July 30, 2008, the Court granted plaintiff permission to proceed with this action *in forma pauperis*. No process has been issued in this case.

## II. PRELIMINARY SCREENING

When Plaintiff filed the instant action he was incarcerated in the federal prison system. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

2

monetary relief against a defendant who is immune from such relief.  *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In addition, when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B).  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  In such circumstances, courts may also dismiss the claims under § 1915A when it applies.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-21 (5th Cir. 1998).  The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

### III.  SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for acts and omissions related to his arrest on June 28, 2006.  Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).  "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based.  Mere conclusory allegations are insufficient." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

## A. Excessive Force

Plaintiff claims that Officer Lee used excessive force during his arrest. Based on the facts alleged, this claim survives summary dismissal.

The Fourth Amendment of the United States Constitution protects individuals from excessive force during an arrest or other seizure. *See Graham v. Conner*, 490 U.S. 386, 395 (1989). Furthermore, whether Officer Lee was working on duty as an officer of the Highland Park Police Department or off duty as a private security guard, his actions may be attributable to the State. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001) (indicating that off duty police officer working as a private security guard may be shielded from § 1983 liability by qualified immunity). To prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)).

In this instance, Plaintiff has sufficiently alleged that Officer Lee did not apply the force used against him in a good-faith effort to maintain or restore discipline. He has alleged that Officer Lee shot him four times during his arrest. Although the Court cannot yet determine whether the officer acted maliciously and sadistically to cause harm, Plaintiff's allegations are sufficient to survive the frivolity screening.

## B. Failure to Train

Plaintiff claims that Whole Foods failed to adequately train Officer Lee and is thus liable for the injuries resulting from the excessive force used against him.

Plaintiff has alleged no facts to support finding Whole Foods liable under § 1983. As alleged by Plaintiff, Officer Lee independently investigated Plaintiff by making a call regarding his driver's

4

license. Based on this independent investigation, a merchant such as Whole Foods is not subject to § 1983 liability. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 750 (5th Cir. 2001) (holding that a merchant is not subject to "§ 1983 liability unless an officer has failed to perform independent investigation"). In light of Officer Lee's investigation, the actions of Whole Foods are not attributable to the State.

Additionally, Plaintiff's failure-to-train claim asserted fails to state a claim upon which relief can be granted because it is merely premised on Plaintiff's allegation that, while employed by Whole Foods, Officer Lee used excessive force while arresting him. Such allegations are insufficient as a matter of law to impose § 1983 liability on the employer. *See Erickson v. Union Bank of Tex.*, No. 3:04-CV-2069-K, 2006 WL 1479028, at *5 (N.D. Tex. May 30, 2006) (accepting recommendation of Mag. J.) Furthermore, it is well-settled that one cannot prevail under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008). Vicarious liability alone will not support a claim for relief under § 1983. *Whitt*, 529 F.3d at 283. A defendant cannot be held liable under such a theory simply because individuals in its employ performed acts that the plaintiff contends violated his constitutional rights. *Id.*; *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Consequently, Plaintiff cannot impose liability on Whole Foods for the actions Officer Lee.

For the foregoing reasons, Plaintiff has failed to plead sufficient facts to state a plausible failure-to-train claim against Whole Foods. The Court should thus dismiss such claim.

**C. Race Discrimination**

Plaintiff also claims that Whole Foods discriminated against him on the basis of his race when it let his wife (who is white) proceed at the checkout counter with just a denial of service while

5

remanding his identification for verification before service.[4] (*See* Answer to Question 2 of MJQ.) As already found, Whole Foods does not constitute a state actor under § 1983 under the facts alleged by Plaintiff. Consequently, his discrimination claim fails to state a claim under § 1983. *See Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (recognizing that "'[m]ere[] private conduct, no matter how discriminatory or wrongful', is excluded from § 1983's reach").

## IV. SECTIONS 1981(a) AND 1982

Because 42 U.S.C. §§ 1981(a) and 1982 provide a basis for a discrimination claim in some contexts, the Court also explores whether Plaintiff has sufficiently stated a discrimination claim under those statutes.[5] These statutes were "enacted to effectuate the aims of the Thirteenth and Fourteenth Amendments to the Constitution." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). "In light of the historical interrelationship between" the statutes, the courts consistently construe them together. *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 410 U.S. 431, 440 (1973); *accord Brown*, 250 F.3d at 797. Their requisite elements are quite similar, and neither statute requires an allegation of state action on the part of the defendant. *Brown*, 250 F.3d at 797.

In general, § 1981(a) forbids racial discrimination in the making and enforcement of private contracts, regardless of the race of aggrieved party. *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981). To succeed with a § 1981 discrimination claim, a plaintiff must establish that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the

---

[4] Although Plaintiff does not specifically allege that his race differs from his wife, such allegation is implicit within his claim. For purposes of this recommendation, the Court proceeds as though Plaintiff's race differs from his wife's race.

[5] Section 1981(a) provides in pertinent part:
>All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

basis of race; and (3) the discrimination concerned at least one of the activities enumerated in the statute, such as the making of a contract. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir.2003); *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001); *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). As set forth in *Morris*, § 1981 applies in the retail context when "a customer has engaged in an actual attempt to contract that was thwarted by the merchant." 277 F.3d at 752; *accord Arguello*, 330 F.3d at 358. There must be an allegation that the plaintiff was actually prevented, and not merely deterred from making a purchase after attempting to do so. *Arguello*, 330 F.3d at 358-59.

To state a claim under § 1982, "a plaintiff 'must allege with specificity facts sufficient to show or raise a plausible inference of (1) racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Brown*, 250 F.3d at 797 (quoting *Garg v. Albany Indus. Dev. Agency*, 899 F. Supp. 961, 968 (N.D.N.Y. 1995), *aff'd*, 104 F.3d 351 (2d Cir. 1996)). A plaintiff cannot succeed with a charge of discrimination under § 1982 "by alleging only that the defendants were motivated by racial animus; it is necessary as well to allege that defendants' animus was directed towards the kind of group that Congress intended to protect when it passed the statute", *i.e.*, an identifiable group "who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987). In the retail context, § 1982 protects a citizen's ability to purchase personal property. *Morris v. Office Max, Inc.*, 89 F.3d 411, 415 (7th Cir. 1996).

In this instance, Plaintiff provides scant factual allegations regarding the discrimination by Whole Foods. He entirely premises the claim on the alleged fact that Whole Foods sought to verify his identification, but not his wife's, before extending service. (*See* Answer to Question 2 of MJQ.) However, a mere allegation that Whole Foods treated Plaintiff differently from his white wife

7

provides insufficient facts to state a plausible claim of discrimination under either § 1981(a) or § 1982.

Furthermore, interpreting the alleged disparate treatment as racially motivated ignores Plaintiff's allegation that Whole Foods falsely accused him of "cashing a check that was not in [his] name when the check was in fact in [his] name." (*See id.*) The discrimination claim must be read in tandem with Plaintiff's defamation allegation. On the facts alleged, there is no plausible inference of racial animus or intent to discriminate against Plaintiff due to his race. When a purchaser of goods or services presents a check for payment, a requested identification check does not of itself reveal or suggest a discriminatory motive. Because Plaintiff specifically alleges that the check was in his name, the failure to subject his wife to an identification check likewise does not suggest or reveal a discriminatory motive. The alleged disparate treatment received by Plaintiff simply appears to be based on the proffered check, rather than any racial animus toward Plaintiff.

While Plaintiff's factual allegations appear insufficient to provide a plausible inference of racial animus or intent to discriminate against Plaintiff, the Court need not rely on such insufficiency to find that Plaintiff has failed to state a claim under §§ 1981 and 1982. Plaintiff has wholly failed to make any allegation that Whole Foods actually prevented him from purchasing or entering into a contract for purchasing goods or services from Whole Foods. At best, his allegations show that Whole Foods perhaps deterred his purchase by requesting to check his identification. Nothing suggests that Whole Foods would not serve Plaintiff due to his race. Whole Foods merely requested a typical identification check because Plaintiff presented a check for payment. That request led to Officer Lee's independent investigation, which in turn caused him to draw his firearm, which caused Plaintiff to flee and abandon the transaction. Plaintiff made the decision to terminate the transaction. Neither Officer Lee nor any other employee of Whole Foods informed Plaintiff that he could not

make his purchase. There is no allegation that Officer Lee drew his weapon so as to stop Plaintiff from pursuing his purchase because of his race. Because Whole Foods "was not responsible for terminating the transaction, it did not violate §§ 1981 and 1982." *See Bagley v. Ameritech Corp.*, 220 F.3d 518, 522 (7th Cir. 2000).

For the foregoing reasons, Plaintiff has failed to state a discrimination claim upon which relief can be granted under 42 U.S.C. §§ 1981(a) and 1982.

## V. DEFAMATION

Plaintiff also asserts a defamation claim against Whole Foods. Such claim arises under state rather than federal law. Nevertheless, the Court may exercise supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367.

Plaintiff's defamation claim is barred by the statute of limitations. Such a claim must be brought within one year of its accrual. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002). Such claims, furthermore, "accrue[ ] on the date of the communication or publication and not on the date of the consequences or sequelae." *Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119, 131 (Tex. App. – Houston [14th Dist.] 1994, no writ). In this instance, the alleged false statement occurred on June 28, 2006. Plaintiff filed the instant complaint approximately two years later in June 2008. Nothing indicates that the limitations period should be tolled. Plaintiff asserts no basis for equitable tolling. Furthermore, nothing indicates that such tolling is warranted. Consequently, Plaintiff's defamation claim should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for the failure of Plaintiff to file it within the statutory periods of limitations.

## VI. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

9

1915A(b), except for the excessive force claim asserted against Officer Lee. That claim should proceed and process should issue to Officer Lee.

**SIGNED this 11th day of September, 2008.**

                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE